IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SARA N. AYESH,

    *Plaintiff,*

vs.

BUTLER COUNTY SHERIFF'S OFFICE, et al.,

    *Defendants.*

Case No. 19-CV-1183-EFM-KGG

**MEMORANDUM AND ORDER**

    Plaintiff Sara N. Ayesh brings suit against Defendants Butler County Sheriff's Office and Butler County Jail. She asserts claims of sexual harassment and retaliation. Defendants filed a Motion to Dismiss contending that neither Butler County Sheriff's Office nor Butler County Jail are entities that can be sued and thus the case should be dismissed (Doc. 8). In response, Plaintiff has filed two Motions to Amend the Complaint, requesting leave to substitute the proper party (Docs. 10, 13). Plaintiff's second motion renders her first motion moot. Therefore, the Court will only consider the second motion in this Order.

    In this motion, Plaintiff seeks to amend her Complaint to add the proper party, the Board of County Commissioners of Butler County, Kansas ("the Board"). Defendants argue that Plaintiff cannot do so because the Board was not named in her Equal Employment Opportunity Commission ("EEOC") charge and thus the Court lacks jurisdiction. In addition, Defendants assert

that the statute of limitations has run because the amendment cannot relate back to her original Complaint. For the reasons stated in detail below, the Court denies Defendants' Motion to Dismiss as moot, and grants Plaintiff's second Motion to Amend her Complaint. Thus, the case continues with the properly named party.

## I. Factual and Procedural Background[1]

Plaintiff was hired in September 2016 as a part-time detention deputy with the Butler County Sheriff's Office. Her job duties included processing inmates, maintaining jail security, serving meals, transporting inmates, receiving and processing inmates into and out of custody, searching inmates, maintaining records, and other clerical duties. One of Plaintiff's supervisors was Captain Erik Ramsey.

On or about July 14, 2017, Plaintiff started receiving text messages from Ramsey. These messages were regular, continuous, and became sexually inappropriate. Plaintiff felt compelled to respond to the text messages because Ramsey was her supervisor. The texting continued from August 2017 through March 2018, and many text messages were sexually oriented.

At work, Ramsey's office was near the restroom. When Plaintiff went to the restroom, she walked by his office. When she walked by, Ramsey made comments about her appearance and clothing.

During an internal investigation, Plaintiff advised the Human Resources Department about Ramsey's conduct. She showed them screen shots of the messages. Instead of investigating, Plaintiff was summoned to the office on May 15, 2018, and told that she would need to take a polygraph test. Plaintiff refused and left her employment.

---

[1] The facts are taken from Plaintiff's Complaint.

On July 13, 2018, Plaintiff filed a Charge of Discrimination with the EEOC. She named the Butler County Sheriff's Office and Butler County Jail as the employer who discriminated against her. On April 19, 2019, she received a right-to-sue letter. She filed suit in this Court on July 16, 2019. Plaintiff contends that she was constructively discharged and retaliated against for making a complaint about Ramsey's conduct of sexual harassment. She brings claims for quid quo pro sexual harassment and retaliation.

Defendants have now filed a Motion to Dismiss. They contend that Plaintiff fails to state claim because Butler County Sheriff's Office and Butler County Jail are entities that cannot be sued. Plaintiff seeks leave to amend her Complaint to name the Board as Defendant.

## II. Analysis

### A. Motion to Dismiss

#### 1. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[2] Upon such motion, the Court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[3] A claim is facially plausible if the plaintiff pleads facts sufficient for the Court to reasonably infer that the defendant is liable for the alleged misconduct.[4] The plausibility standard reflects the requirement in Rule 8 that pleadings provide

---

[2] Fed. R. Civ. P. 12(b)(6).

[3] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[5] Under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[6] Viewing the complaint in this manner, the Court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[7] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[8]

   2.   *Discussion*

As an initial matter, Defendants contend that they bring their Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants state that the exhaustion of administrative remedies is a jurisdictional prerequisite to filing a Title VII action in federal court. Although this was previously the law in this circuit, the Tenth Circuit Court of Appeals held in 2018 that the failure to exhaust administrative remedies is not a jurisdictional bar to a plaintiff's

---

[5] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[6] *Iqbal*, 556 U.S. at 678–79.

[7] *See id.* at 678. ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citing *Twombly*, 550 U.S. at 556)).

[8] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570). Generally, if the Court looks to matters not attached to the complaint or incorporated into the complaint by reference, it must convert the motion to a Rule 56 motion for summary judgment. Fed. R. Civ. P. 12(d); *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384–85 (10th Cir. 1997). The Court, however, may consider documents that are referred to in the complaint if they are central to the plaintiff's claim and the parties do not dispute their authenticity. *See Alvarado v. KOB-TV, LLC,* 493 F.3d 1210, 1215 (10th Cir. 2007); *GFF Corp.*, 130 F.3d at 1384–85. Here, the Court considers Plaintiff's EEOC charge and Defendants' response to that charge, which were attached to Defendants' motion and Plaintiff's response to Defendants' motion.

lawsuit.[9] Instead, the failure to exhaust is an affirmative defense that a defendant may raise in a motion to dismiss.[10] Thus, the Court will only consider Defendants' arguments under Rule 12(b)(6) standards.

The sheriff's department is an agency of the county.[11] "Kansas courts have consistently held that subordinate government agencies do not have the capacity to sue or be sued in the absence of statutory authorization."[12] There is no statute permitting suit against the sheriff's office.[13] Thus, the Butler County Sheriff's Office is not amenable to suit and must be dismissed. In addition, the Butler County Jail is a subordinate government agency, and there is no statute giving it the capacity to sue or to be sued.[14] Thus, these two Defendants are improper parties and must be dismissed. This finding, however, does not end the matter because Plaintiff filed a Motion to Amend Complaint to name the Board as Defendant.

**B.    Motion to Amend Complaint**

*1.    Legal Standard*

---

[9] *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018) (holding that "a plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim.").

[10] *Id.* "In practical terms, [*Lincoln's*] holding means that the defense of failure to timely exhaust a Title VII claim 'is subject to waiver, estoppel, and equitable tolling.' " *Payan v. United Parcel Serv.*, 905 F.3d 1162, 1169 (10th Cir. 2018) (quoting *Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982)).

[11] *See Farris v. Bd. of Cty. Cmm'rs of Wyandotte Cty., Kan.,* 924 F. Supp. 1041, 1045 (D. Kan. 1996) (citing *Owens v. Rush*, 636 F.2d 283, 286 (10th Cir. 1980)); *see also Wright v. Wyandotte Cty. Sheriff's Dep't*, 963 F. Supp. 1029, 1034 (D. Kan. 1997) (citations omitted).

[12] *Mays v. Wyandotte Cty. Sheriff's Dep't*, 2016 WL 81228, at *1 (D. Kan. 2016) (quotation marks and citations omitted).

[13] *See id.* (finding that there were no statutes giving Wyandotte County Sheriff's Department the capacity to sue or to be sued).

[14] *See Pittman v. Kurtz*, 165 F. Supp. 2d 1243, 1247 (D. Kan. 2001) (noting that a county jail was a subordinate government agency and finding that there were no statutes giving the Sedgwick County Jail the capacity to sue or to be sued).

Under Federal Rule of Civil Procedure 15(a)(2), once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[15] Rule 15(a)(2) provides that courts should "freely give leave when justice so requires."[16] A court, however, may refuse to grant leave to amend based upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[17] The party that asserts futility has the burden in establishing the amendment's futility.[18] With regard to futility, the court must analyze the proposed amendment as though it was before the court on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[19]

  *2.  Discussion*

Plaintiff named Butler County Sheriff's Office and Butler County Jail as her employers in her EEOC charge. She then named these entities as Defendants in her lawsuit in this Court. After Defendants moved for dismissal because of a lack of capacity to be sued, Plaintiff filed (her first) Motion to Amend Complaint, seeking leave to name Butler County as Defendant (as her employer). Defendants argued that the amendment would be futile because the Amended Complaint would be subject to dismissal on statute of limitations grounds because it was not filed within 90 days of Plaintiff's right-to-sue letter. In addition, Defendants asserted that it did not

---

[15] Fed. R. Civ. P. 15(a)(2).

[16] *Id.*

[17] *Duncan v. Manager, Dep't of Safety, City & Cty. Of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quotation marks and citation omitted).

[18] *Layne Christensen Co. v. Bro-Tech Corp.*, 2011 WL 3847076, at *5 (D. Kan. 2011) (citation omitted).

[19] *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992).

relate back, under Federal Rule of Civil Procedure 15(c). Finally, Defendants stated that Butler County was still an improper defendant because all suits against the county should be brought against the county's board of commissioners.

Plaintiff then filed a second Motion to Amend Complaint to name the Board (as her employer) as Defendant. Defendants object again arguing that the amendment is futile because the statute of limitations bars the claim against the Board, and the amendment does not relate back under Fed. R. Civ. P. 15(c).

Here, the relevant question is whether Plaintiff should be allowed to amend her Complaint to name the Board as her employer when she previously named the Butler County Sheriff's Office as her employer in her EEOC charge. Several factors are important to note here. A suit against a sheriff's office is one against the county because the sheriff's office does not have the capacity to be sued.[20] A sheriff's department acts as an agent for the county, and the sheriff's department is an office through which a county may act.[21] To bring suit against the county, Kansas law requires that the county be sued in the name of the board of the county commissioners.[22]

Indeed, at least two District of Kansas cases have held that the county's board of commissioners was a proper defendant when the plaintiff was suing the county sheriff's

---

[20] *See Farris v. Bd. of Cty. Comm'rs,* 924 F. Supp 1041, 1045–46 (D. Kan. 1996) (citing *Owens v. Rush*, 636 F.2d 283, 287 (10th Cir. 1980)) (stating that it was implicit in the Tenth Circuit's *Owens* opinion that "the county is the employer of sheriff's department employees for Title VII purposes").

[21] *Blume v. Meneley*, 283 F. Supp. 2d 1171, 1175 (D. Kan. 2003) (citing *Bd. of Cty. Comm'rs v. Nielander*, 62 P.3d 247, 251 (Kan. 2003)).

[22] K.S.A. § 19-105 (stating that "[i]n all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be "The board of county commissioners of the county of ____ . . . ."); *see also Brown v. Sedgwick Cty. Sheriff's Office*, 513 F. App'x 706, 707–08 (10th Cir. 2013) (stating that "the Board of County Commissioners . . . is the appropriate defendant for claims against any of its subunits.") (citing *Hopkins v. State*, 702 P.2d 311, 316 (1985); K.S.A. § 19-105)).

department and had to sue the county.[23] In a recent District of Kansas opinion, Judge Crabtree noted that the Douglas County Board of Commissioners was the properly named party in the plaintiff's Title VII lawsuit against the Douglas County Sheriff's Office.[24] Finding that the plaintiff must sue his employer under Title VII (which was the Douglas County Sheriff's Office and thus Douglas County), and that K.S.A. § 19-105 directed the plaintiff to sue the board of commissioners when suing the county, Judge Crabtree held that the board was properly included in the suit. Accordingly, to bring suit in this Court against the Sheriff's Office, Plaintiff must sue the county by naming the county's board of commissioners.

42 U.S.C. § 2000e-5(f)(1) provides that an individual must file suit within ninety days of receiving a right-to-sue letter from the EEOC.[25] Here, Plaintiff filed suit within that timeframe, but she named the Butler County Sheriff's Office and Butler County Jail. She filed her second Motion to Amend, seeking to name the Board, after Defendants filed a motion to dismiss and after the expiration of 90 days from the right-to-sue letter.

Defendants argue that Plaintiff's proposed amendment is futile because the statute of limitations bars Plaintiff from adding the Board as a new party. Defendants assert that Plaintiff must have added the Board prior to July 18, 2019—the end of the 90-day limitation period from the right-to-sue letter. In addition, Defendants contend that Plaintiff's proposed amendment does not relate back. Defendants rely upon both § 2000e-5(f)(1) and Fed. R. Civ. P. 15(c)(1)(C).

---

[23] *Appleby v. Bd. of Cty. Comm'rs*, 2018 WL 3659395, at *13 (D. Kan. 2018) (finding that the board of commissioners was the properly named defendant in a suit against the sheriff's office and stating that the Kansas statute directed the plaintiff to sue the county in the name of the board of the commissioners); *Vaughan v. Ellis Cty.*, 2014 WL 910125, at *2 (D. Kan. 2014) (noting that the plaintiff had no choice but to name the board of county commissioners when the plaintiff brought suit against the county sheriff and county because of K.S.A. § 19-105).

[24] *Appleby*, 2018 WL 3659395, at *13.

[25] *See also Brown v. Unified Sch. Dist. 501*, 465 F.3d 1184, 1186 (10th Cir. 2006) (citations omitted).

To determine if the proposed amendment relates back and falls within the 90-day statute of limitations, the Court must first consider Fed. R. Civ. P. 15(c), as this rule governs when an amended pleading relates back to the original pleading. Specifically, Rule 15(c)(1)(C) provides that when an amendment changes the party's name, the amendment will relate back

> if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.[26]

"If, under the terms of Rule 15(c), the amendment should relate back to the filing of the original complaint, then the plaintiff's Title VII claims will not be barred by the statute of limitations."[27]

Defendants concede that Rule 15(c)(1)(B) is satisfied because the proposed Amended Complaint contains the same claim that was in the initial Complaint.[28] Indeed, Plaintiff simply seeks to change the party and substitute the Board for the Butler County Sheriff's Office and Butler County Jail. Defendants assert, however, that there are no allegations that proposed Defendant Board (1) had notice of the action such that it would not be prejudiced, (2) knew or should have known that but for a mistake of identity, the action would be brought against it, and (3) that it received notice within the prescribed limitations period. The Court finds otherwise.

---

[26] *See also Krupski v. Costa Crociere*, 560 U.S. 538, 548 (2010) (addressing Fed. R. Civ. P. 15(c)(1)(C) and noting that the proper focus of inquiry is on the defendant's knowledge during the Rule 4(m) timeframe and not what the plaintiff knew or should have known at the time of filing the initial complaint).

[27] *Maycher v. Muskogee Med. Ctr. Auxiliary*, 1997 WL 698007, at *1 (10th Cir. 1997).

[28] Federal Rule of Civil Procedure 15(c)(1)(B) provides that "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."

Here, Defendant Board had notice within 90 days of the Complaint.[29] The initial complaint was filed on July 16, 2019, and the docket indicates that Defendants Butler County Sheriff's Office and Butler County Jail were served on July 18, 2019. Approximately thirty days later, on August 23, 2019, Plaintiff filed her first Motion to Amend Complaint, naming Butler County as a Defendant. Defendants filed a response to this motion asserting that the Board was the proper party. Plaintiff then filed, on September 3, 2019, her second Motion to Amend, naming the Board as Defendant.

" 'Notice' under Rule 15(c)(1)(C)(i) may be actual or constructive."[30] From the time the initial complaint was filed, the Board had actual or constructive notice of the lawsuit. This case is not one of separate corporate entities. Nor is it a case where a plaintiff attempts to add an entirely new party completely unaffiliated with the named party. In this case, Plaintiff is simply trying to satisfy the pleading requirements for suing a sheriff's office. The naming of the Board as Defendant is simply a way to bring suit against the Butler County Sheriff's Office (as an agent of Butler County). It defies belief that the Board/County would not have known of the lawsuit from its inception.[31]

---

[29] The prescribed limitations period is 90 days because Federal Rule of Civil Procedure 4(m) requires that a defendant be served within 90 days of the complaint being filed. Defendants appear to assert that the applicable limitations period is 90 days from Plaintiff's receipt of the right to sue letter from the EEOC. This premise is incorrect. "While the prior version of Rule 15(c) did require that the party to be added receive notice of the action within the limitations period, Rule 15(c)(3), as amended in 1991, only requires that [the] plaintiff give the additional party notice within the [90] days provided for service of the original complaint." *Maycher*, 1997 WL 698007, at *2 (stating that if the complaint's amendment relates back to the original complaint under Rule 15(c), the plaintiff's Title VII claims would not be barred by the statute of limitations for commencing suit from the right-to-sue letter).

[30] *Silva v. Ekis*, 2017 WL 5465531, at *2 (D. Kan. 2017).

[31] Indeed, the Court notes that the County responded to Plaintiff's EEOC charge and asserted the argument that neither the Sheriff's Office nor Jail were Plaintiff's employer but instead the Board was her employer (but the Board had no responsibility over the Sheriff's Office). Although notice of the EEOC charge is a different inquiry than notice of the lawsuit, it defies reason that the County gave a response to the EEOC Charge on behalf of the Sheriff's Office and was then unaware of the filing of this lawsuit against the Sheriff's Office.

In addition, the Court finds that the Board/County knew or should have known that, but for a mistake in identity, the suit would have been brought against it. As noted above, the naming of the Board is simply a way to satisfy technical pleading requirements. Defendants know that although the county is Plaintiff's employer, Plaintiff brings discrimination allegations against the Sheriff's Office. The Board/County should have known that the suit would have been brought against it. In sum, the Court finds that Rule 15(c)'s requirements for relation back have been met. Because it relates back to the filing of the initial Complaint, Plaintiff's Title VII claim is not barred by the statute of limitations, and Plaintiff's Amended Complaint complies with 42 U.S.C. § 2000e-5(f)(1).

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion for Leave to Amend Complaint (Doc. 13) is **GRANTED**. Plaintiff is directed to file her Amended Complaint forthwith.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (Doc. 10) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated this 9th day of December, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE